IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-1412-MSK-MJW

HUNTER DOUGLAS, INC. and
ANDREW J. TOTI TESTAMENTARY TRUST,

      Plaintiffs,

v.

NIEN MADE ENTERPRISE CO. LTD.,
NORMAN INTERNATIONAL, INC.,
NORMAN INTERNATIONAL COLORADO, LLC,
RICHFIELD WINDOW COVERINGS, LLC d/b/a NIEN MADE U.S.A., and
GLOBAL CUSTOM COMMERCE, INC. d/b/a BLINDS.COM,

      Defendants.

---

## STIPULATION AND PROTECTIVE ORDER [ Docket No 55-1 ]

      Plaintiffs Hunter Douglas, Inc. and Andrew J. Toti Testamentary Trust

(collectively, "Plaintiffs"), Defendants Norman International, Inc., Norman International

Colorado, LLC, Richfield Window Coverings, LLC d/b/a Nien Made U.S.A., and Global

Custom Commerce, Inc. d/b/a Blinds.com (collectively, "Defendants"), and all counsel of

record, stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the

Federal Rules of Civil Procedure concerning the treatment of Confidential Information

(as hereinafter defined), and, as grounds therefor, state as follows:

### 1. Scope of Protection

      1.1    In this action, the Parties also anticipate seeking Confidential Information

(as defined in paragraph 3 below) during discovery and that there will be questioning

concerning Confidential Information in the course of depositions, hearings, or other proceeding. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests. The Parties have entered into this Stipulation and request the Court grant the Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

     1.2    This Order shall govern any record of information, designated pursuant to paragraph 5 of this Order, produced in this action, including all deposition testimony, all designated testimony taken at a hearing or other proceeding, all designated interrogatory answers, documents and other discovery materials, whether produced informally or in responses to interrogatories, requests for admissions, requests for production of documents, or other formal method of discovery. This Order shall also govern any designated record of information produced in this action pursuant to required disclosures under any federal procedural rule or United States District Court for the District of Colorado Local Rule or judge's individual practice or order, and any supplementary disclosures thereto.

## 2. Definitions

    2.1 "Confidential" information means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom that is designated by one of the Parties in the manner provided in paragraph 5 below as containing information of the designating party that is nonpublic, proprietary, commercially or otherwise sensitive

information that is not generally known to the public and that the designating party would not disclose to competitors or third parties within the ordinary course of business, and which has been designating by the producing party as "CONFIDENTIAL" pursuant to the terms of this Order.

   2.2  "Confidential - Outside Attorneys' Eyes Only" information, as used herein, means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom that is designated by one of the Parties in the manner provided in paragraph 5 below as containing information that meets the definition of "Confidential" information set forth in paragraph 2.1 and that contains sensitive financial, technical, or competitive information, trade secrets, research, and development, or information that the designating party bears an obligation of confidentiality to a third party that the designating party believes in good faith could cause it to suffer substantial competitive harm if publicly known or known by agents or employees of the parties who would have access under this Order only to Confidential information, and which has been designating by the producing party as "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" pursuant to the terms of this Order

  **3. Designations**

   3.1  Each party may designate as CONFIDENTIAL any information furnished to the other party during discovery that is believed to contain Confidential information.

   3.2  A designation of any information as CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY shall only be made if the designating party has a

reasonable, good-faith belief that (a) such information contains Confidential information as defined herein, and (b) disclosure of such information without restriction would be detrimental to that party in the conduct of its business and cause cognizable harm.

      3.3    Any party may designate any item as CONFIDENTIAL or CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY by placing or affixing to such item, in a manner that will not interfere with the legibility thereof, a notice identifying the item as CONFIDENTIAL or CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY.

**4. Limit on Use and Disclosure of Designated Information**

      4.1    Any information or document designated CONFIDENTIAL or CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever, except as permitted by this Order or by prior written agreement with counsel for the producing party. Information or documents governed by this Order shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except as expressly permitted pursuant to this Order.

      4.2    It is, however, understood that counsel for a party may give advice and opinions to his or her client based on his or her evaluation of designated CONFIDENTIAL or CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY information received by the party, providing that such rendering of advice and opinions shall not reveal the content of such information, except as permitted by this Order or by prior written agreement with counsel for the producing party.

4.3    The attorneys of record for the Parties and other persons receiving information governed by this Order shall exercise reasonable care to ensure that the information and documents governed by this Order are (a) used only for the purposes specified herein, and (b) disclosed only to authorized persons.

**4.4  Disclosure of Information Designated CONFIDENTIAL**

Except as provided in this Order, documents or information designated CONFIDENTIAL shall be disclosed by the recipient thereof only on a need-to-know basis to:

(a) the receiving party's outside counsel of record in this action, including both local and trial counsel, as well as employees and agents of such counsel, including paralegals, litigation support services, secretarial, and clerical staff who are actively engaged in assisting such counsel with the prosecution or defense of this action;

(b) no more than three corporate representatives (including in-house counsel) of the receiving party who have executed an affidavit in the form of Exhibit A;

(c) the Court and Court personnel;

(d) consultants or experts and their staff, retained by the parties or their attorneys for purposes of this action, who first agree to be bound by the terms of this Order by executing an affidavit in the form of Exhibit A;

(e) court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have executed an affidavit in the form of Exhibit A;

(f)  the following categories of litigation support persons provided that such persons have no involvement in addressing any matter regarding the substantive issues in the case:  independent legal translators retained to translate in connection with this action; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; graphics, translation, or design services retained by counsel of record for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action; and non–technical jury or trial consulting services (expressly excluding mock jurors) provided such individuals have executed an affidavit in the form of Exhibit A;

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have executed an affidavit in the form of Exhibit A, unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order; and

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed the information.

5. **Disclosure of Information Designated CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY**

Except as provided in this Order, documents or information designated

CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY shall be disclosed by the

recipient thereof only on a need-to-know basis to:

> (a) the receiving party's outside counsel of record in this action, including both
>
> local and trial counsel, as well as employees and agents of such counsel,
>
> including paralegals, litigation support services, secretarial, and clerical staff
>
> who are actively engaged in assisting such counsel with the prosecution or
>
> defense of this action;
>
> (b) the Court and Court personnel;
>
> (c) consultants or experts and their staff, retained by the parties or their attorneys
>
> for purposes of this action, who first agree to be bound by the terms of this
>
> Order by executing an affidavit in the form of Exhibit A;
>
> (d) court reporters and their staff, professional jury or trial consultants, and
>
> professional vendors to whom disclosure is reasonably necessary for this
>
> litigation and who have executed an affidavit in the form of Exhibit A;
>
> (e) the following categories of litigation support persons provided that such
>
> persons have no involvement in addressing any matter regarding the
>
> substantive issues in the case:  independent legal translators retained to
>
> translate in connection with this action; independent stenographic reporters
>
> and videographers retained to record and transcribe testimony in connection
>
> with this action; graphics, translation, or design services retained by counsel

7

of record for purposes of preparing demonstrative or other exhibits for
deposition, trial, or other court proceedings in this action; and non–technical
jury or trial consulting services (expressly excluding mock jurors) provided
such individuals have executed an affidavit in the form of Exhibit A; and

(f) the author or recipient of a document containing the information or a
custodian or other person who otherwise possessed the information.

### 6. Identification of Experts or Consultants

6.1 If any party desires to disclose information designated CONFIDENTIAL -
OUTSIDE ATTORNEYS' EYES ONLY to any expert or consultant pursuant to ¶¶ 5(c)
and 4(d) above, it must first provide written notice to the attorneys for the producing
party identifying each such expert or consultant.  Attorneys for the producing party shall
have five (5) business days from receipt of such notice to object to the disclosure of
such information to any of the experts or consultants so identified.  Any party that fails to
object within ten (10) business days of receiving such notice shall be deemed to have
waived such objection and the parties shall be deemed to have agreed upon disclosure.
No CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY information may be
disclosed to any proposed expert or consultant until such time as the parties have
agreed upon disclosure to the expert, have waived such objection, or until the Court
rules on a timely motion made pursuant to ¶ 6.3 below.

6.2 Written notice identifying a proposed expert or consultant under ¶ 6.1 above
shall include the full name and professional address and/or affiliation of the proposed
expert or consultant, an up-to-date curriculum vitae or resume, a list of any prior or

8

current employments or consultancies during the previous four (4) years, a list identifying all current and previous relationships with and adversities to any of the parties, and a list of cases in which the expert or consultant has testified at deposition, hearing or trial within the last four (4) years.

6.3 The parties shall attempt to resolve any objections informally.  If the objections cannot be resolved, the party opposing disclosure of the CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY information to the proposed expert or consultant may move the Court for an Order prohibiting the disclosure, and shall bear the burden of proof with respect to the propriety of its objection and prevention of the proposed expert or consultant from reviewing any confidential material in connection with his/her retention.  Any party that fails to file such a motion within fifteen (15) business days of notifying a party of an objection to disclosure under ¶ 6.1 shall be deemed to have waived such objection and the parties shall be deemed to have agreed upon disclosure to the expert or consultant.

## 7. Request to Disclose Designated Information

Any party may at any time request permission to disclose documents or information designated as CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY other than as permitted by this Order by serving a written request upon counsel for the producing party.  Such request shall specifically identify the information sought to be disclosed, the manner in which it is to be disclosed, and the person to whom it is to be disclosed.  The producing party shall thereafter respond to the request in writing within five (5) business days of receipt of the written request.  A failure to respond within such

time shall constitute a waiver.  If the requested permission is withheld, the parties shall

negotiate in good faith concerning the request.  Where consent has been withheld and

the party requesting disclosure and the producing party are subsequently unable to

agree on the terms and conditions of disclosure, the matter may be submitted to the

Court for resolution by the party requesting disclosure.  The party requesting disclosure

shall have the burden of persuading the Court that disclosure is appropriate under

applicable rules.  Disclosure shall not be made until the Court has ruled on that relief or

the parties otherwise mutually agree in writing

### 8. Agreement of Confidentiality

In no event shall any information designated CONFIDENTIAL - OUTSIDE

ATTORNEYS' EYES ONLY be disclosed to any person authorized pursuant to ¶¶ 5(c)

and 6 until such person has executed an affidavit in the form of Exhibit A hereto

acknowledging and agreeing to be bound by the terms of this Order.  Counsel for the

party seeking to disclose material designated under this Order to any such person

pursuant to this paragraph shall be responsible for retaining the executed originals of all

such Confidentiality Undertakings.

### 9. Related Documents

The restrictions contained herein on the use of information designated

CONFIDENTIAL or CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY shall

apply to any and all (a) portions of documents, copies, extracts, and complete or partial

summaries prepared from or containing such information; (b) portions of deposition

transcripts and exhibits thereto which contain or reflect the content of any such

documents, copies, extracts, or summaries; (c) portions of briefs, memoranda or any other papers filed with the Court and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; and/or (d) deposition testimony designated in accordance with ¶ 10.

### 10. Designation of Deposition Transcripts

10.1 Any and all portions of deposition transcripts containing CONFIDENTIAL or CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY information may be designated as such either on the record during the deposition or by providing, within twenty-one (21) days following receipt of the official transcripts of the deposition to the reporter and all counsel of record, written notice of the specific pages and lines that contain Confidential information.

10.2 All deposition transcripts not previously designated shall be deemed to be and treated as CONFIDENTIAL or CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY for a period of twenty-one (21) days after receipt of the official transcript of the deposition, and the transcript shall not be disclosed during such time by a non-designating party to persons other than those persons named or approved according to ¶¶ 5 or 6.

10.3 The designating party shall have the right, before the taking of testimony which the designating party designates as CONFIDENTIAL or CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY and subject to this Protective Order, to exclude from portions of a deposition all persons other than those persons previously qualified to receive such information pursuant to ¶¶ 5 or 6.

**11. Designation of Hearing Testimony or Argument**

With respect to testimony elicited during hearings and other proceedings, whenever counsel for any party deems that any question or line of questioning calls for the disclosure of information designated as CONFIDENTIAL or CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY, counsel may designate on the record prior to such disclosure that the disclosure is subject to confidentiality restrictions.  Whenever CONFIDENTIAL or CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY information is to be discussed in a hearing or other proceeding, any party claiming such confidentiality may ask the Court to have excluded from the hearing or other proceeding any person who is not entitled under this Order to receive information so designated.

**12. Designation of Documents Under ~~Seal~~ _Restricted Access_**

Any Party that seeks to file under ~~seal~~ _Restricted Access_ any CONFIDENTIAL or CONFIDENTIAL - OUTSIDE ATTORNEYS EYES ONLY information must comply with the applicable local ~~rules~~ _Rule 7.2._.  At the conclusion of this case, any materials filed with the Court under ~~seal~~ _Restricted Access_ shall be kept under ~~seal~~ _Restricted Access_ or be returned to the party filing it for disposition as provided for in ¶ 20 below.

*[handwritten margin note: MJW 10-21-13]*

**13. Other Protections**

Any party may mark any document or thing containing CONFIDENTIAL or CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY information as an exhibit to a deposition, hearing or other proceeding and examine the witness based on document, provided that the witness is qualified under the terms of this Order to have access to such designated materials.

**14. Challenges to Confidentiality**

14.1    If a party objects to the designation of certain information as Confidential Information, he or she shall promptly inform the other parties' counsel in writing of the specific grounds of objection to the designation.  All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute.  If after such good faith attempt, all counsel are unable to resolve their dispute, the objecting party may move for a disclosure order consistent with this order.  The information shall continue to have Confidential status from the time it is produced until the ruling by the Court on the motion.

**15. Inadvertent Failure to Designate or Inadvertent Disclosure**

15.1 A producing party or non-party that inadvertently fails to designate an item pursuant to this Order at the time of production may, within seven (7) days of the missing designation coming to the attention of the producing party or non-party, make a designation pursuant to this Order by serving notice thereof in writing, accompanied by substitute copies of each item, appropriately designated.  Those individuals who reviewed the documents or information prior to the notice of mis-designation or failure to designate by the producing party shall return to counsel of record or destroy all copies of the mis-designated documents and shall honor, to the extent reasonably practicable, the provisions of this Order with respect to the use and disclosure of confidential information in the mis-designated documents.

15.2 If Confidential information designated pursuant to this Order is disclosed to any person other than in the manner authorized by this Order, the party responsible for

this disclosure must immediately bring all pertinent facts relating to such improper disclosure to the attention of all interested parties, without intentionally creating prejudice to other rights and remedies of the disclosing party, and shall make every effort to prevent further improper disclosure.

15.3 Inadvertent production of documents subject to work-product immunity, attorney-client privilege, common interest/joint defense privilege, or other privilege shall not constitute a waiver of the immunity or privilege, provided that the disclosing party shall notify the receiving party of such inadvertent production as soon as practicable after the first time the disclosing party learns of the inadvertent production.  Such inadvertently produced documents (and all copies, if any) shall be returned to the disclosing party, or destroyed and their destruction certified to the disclosing party, within five (5) business days after receiving the request or by a deadline agreed upon by the parties.  No use shall be made of such documents by the receiving party unless the receiving party successfully challenges the claims privilege on grounds other than the inadvertent disclosure.  If the parties are unable to agree as to the application of any claim of privilege or immunity, either party may petition the Court for resolution.

15.4 Nothing in this Order shall preclude either party from petitioning the Court for return of later-discovered, inadvertently produced work-product immunity, attorney-client privilege, common interest/joint defense privilege, or other privileged documents.

**16. Disclosure to Author or Recipient**

Notwithstanding any other provisions of this Order, nothing herein shall prohibit counsel or a party from disclosing a document containing CONFIDENTIAL or

CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY information to any person who appears from the face of the document to have drafted, prepared, executed, or received the document.

### 17. Confidentiality of a Party's Own Documents

Nothing herein shall affect the right of the designating party to disclose to its officers, directors, employees, attorneys, consultants or experts, or to any other person, its own information.  Such disclosure shall not waive the protections of this Order and shall not entitle other parties or their attorneys to disclose such information in violation of it, unless by such disclosure of the designating party the information becomes public knowledge.  Similarly, this Order shall not preclude a party from showing its own information to its officers, directors, employees, attorneys, consultants or experts, or to any other person, even if this information has been filed under seal by the opposing party.

### 18. Prior or Public Knowledge and External Requests

This confidentiality obligations in this Order do not apply to data or information which: (1) is or becomes generally available to the public other than as a result of disclosure by the receiving party; (2) is required to be disclosed pursuant to any subpoena, order, summons, or decree of any appropriate court or governmental agency; (3) was in the receiving party's possession prior to the time it was disclosed in this litigation; or (4) is disclosed by or acquired from a source not subject to this Order. The receiving party will immediately notify the producing party of any request by anyone to examine, inspect or copy Confidential data or information disclosed pursuant to this

Order, and/or any attempt to serve, or actual service, upon the receiving party of any court order, subpoena, summons, or decree which purports to require the production of any such Confidential data or information.  The receiving party will not make any production in response to such court order, subpoena, summons, or decree without first notifying the producing party at least 14 days prior to the proposed production to allow the producing party the opportunity to move to quash, object, or otherwise act to prevent such disclosure.  If the producing party moves to quash, object, or otherwise act to prevent such disclosure, the receiving party may not disclose the Confidential data or information until the motion, objection, or other action is resolved.

**19. Non-Parties**

Any non-party from whom discovery is sought may designate information to be disclosed as CONFIDENTIAL or CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY. The parties shall disclose information so designated only in accordance with ¶¶ 3, 5, and 10.

**20. Termination of this Litigation**

20.1    The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

20.2    Within ninety (90) days of final termination of this litigation, including any appeals, each Party's counsel shall destroy and certify destruction of, all Confidential information provided subject to this Protective Order, and all extracts, abstracts, charts,

summaries, notes or copies made therefrom, except (a) any documents or copies which contain, constitute, or reflect attorney work product or attorney-client privilege communications, and (b) archive copies of pleadings, motion papers, deposition transcripts, correspondence, expert reports, and written discovery responses, which may be retained by counsel subject to a continuing obligation to protect all such material pursuant to this Order.

**21. Time of Effectiveness**

The parties agree to treat this Order as entered by the Court as of the date it becomes fully executed by the parties.  In the event that the fully executed Order should be rejected by the Court, or that the Court should require any changes in the executed Order, the parties agree to treat any properly marked material or information produced in the interim as CONFIDENTIAL or CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY materials according to the dictates of this Order as originally executed by agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

**22. Waiver or Termination of Order**

No part of the restrictions imposed by this Order may be waived or terminated, except by written stipulation executed by counsel of record for each designating party, or by an Order of the Court for good cause shown.  The restrictions provided for herein shall not terminate upon the conclusion of this action, but shall continue until further Order of this Court.

### 23. Modification of Order; Prior Agreements

This Order may be modified, and any matter related to it may be resolved, by written stipulation of the Parties *And upon* ~~without~~ further Order of the Court. This Order supersedes any agreements between the Parties regarding the confidentiality of particular information entered into before the date of this Order.

### 24. Miscellaneous

Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

Dated this 21st day of October , 2013.

BY THE COURT:

_____

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

18

**STIPULATED AND AGREED TO:**

*s/Miranda C. Rogers*
Kristopher L. Reed
Miranda C. Rogers
Kilpatrick Townsend & Stockton LLP
1400 Wewatta Street, Suite 600
Denver, Colorado 80202
Tel: (303) 571-4000

Frederick L. Whitmer
Kilpatrick Townsend & Stockton LLP
The Grace Building
1114 Avenue of the Americas
New York, New York 10036
Tel: (212) 775-8700

*Attorneys for Plaintiffs Hunter
Douglas Inc. and Andrew J. Toti
Testamentary Trust*

*s/Kourtney Mueller Merrill*
Douglas L. Sawyer
Kourtney Mueller Merrill
Perkins Coie LLP
1900 Sixteenth Street, Suite 1400
Denver, Colorado 80202
Tel: (303) 291-2300

*Attorneys for Defendants Norman
International, Inc., Norman
International Colorado, LLC,
Richfield Window Coverings, LLC,
and Global Custom Commerce, Inc.*

**EXHIBIT A**

**AFFIDAVIT**

STATE OF                      )
                                   ) ss.
COUNTY OF                  )

I,_____ swear or affirm and state under penalty of perjury:

1.  I have read the Protective Order entered in *Hunter Douglas et al. v. Nien Made Enterprise Co., Ltd. et al.*, Civil Action No. 1:13-cv-01412-MSK-MJW.

2.  I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential information shown or told to me except as authorized in the Protective Order. I will not use the Confidential information for any purpose other than this litigation.

3.  For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

4.  I will abide by the terms of the Protective Order

DATE:_____

_____
Signature

Sworn to before me on _____, 2013.

_____
Notary Public

20