IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01412-MSK-MJW

HUNTER DOUGLAS, INC., and
ANDREW J. TOTI TESTAMENTARY TRUST,

Plaintiff(s),

v.

NIEN MADE ENTERPRISE CO. LTD.,
NORMAN INTERNATIONAL, INC.,
NORMAN INTERNATIONAL COLORADO, LLC,
RICHFIELD WINDOW COVERINGS, INC. d/b/a NIEN MADE U.S.A., and
GLOBAL CUSTOM COMMERCE, INC. d/b/a BLINDS.COM,

Defendant(s).

---

MINUTE ORDER

---

Entered by Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that Defendants' Motion to Stay Pending the USPTO's Review of *Inter Partes* Review Petitions (docket no. 74) is DENIED for the following reasons.

In determining whether to grant a stay pending review of the U.S. Patent and Trademark Office ["USPTO"], the court considers the a number of factors and the totality of the circumstances.  Those factors include: (1) whether a stay will simplify the issues in question and streamline the trial; (2) whether discovery is complete and whether a trial date has been set; (3) whether a stay would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and (4) whether a stay will reduce the burden of litigation on the parties and on the court. Broadcast Innovation, L.L.C., v. Charter Comm., Inc., 2006 WL 1897165, at *4 (D. Colo. July 11, 2006).  *See also* SSW Holding Co. v. Schott Gemtron Corp., 2013 WL 4500091, at *3 (W.D. Ky. Aug. 21, 2013); Black & Decker Inc. v. Positec USA, Inc., 2013 WL 5718460, at *1 (N.D. Ill. Oct 1, 2013).

Here, the court finds that the USPTO will probably not even determine whether to review the four patents in question for another four or five months, noting that Defendant Norman International, Inc., filed its petitions for *inter partes* reviews ["IPR"] on December 19 and 20, 2013, and the subject motion (docket no. 85) was filed with court on December 20, 2013.  Defendant International, Inc., is the **only** Defendant which has filed IPRs as of the date of this minute order.  At this stage of this case, the

2

USPTO has not yet decided whether to review the four patents in question for *inter partes* review.

In addition, the court finds that this case is not in an early stage of proceeding. There was a Rule 16 Scheduling Order (docket no. 47) entered in this case on October 8, 2013.  At this stage, discovery is ongoing.  The deadline to join parties has expired; the deadline for patentees to identify asserted claims and disclose initial claims charts has expired; the deadline for alleged infringers to disclose initial claim charts has expired; the deadline for alleged infringers' prior art statement, including but not limited to invalidity contentions has expired; and the deadline for patentees' prior art statement has expired.  The deadline for parties to exchange terms to be construed is January 24, 2014.  Per the Scheduling Order (docket no. 47) at paragraph 8,  all discovery needed for the claim construction phase of this case will be completed by April 4, 2014.  A claim construction hearing is requested to be set before Chief Judge Krieger in April 2014 per the Scheduling Order (docket no. 47) at paragraph 8.  This court notes that it will take four to five months before a decision is made as to Defendant Norman International, Inc.'s petitions for *inter partes* reviews.  It is clear that Chief Judge Krieger will likely have resolved all claim construction issues and much of the discovery in this case will be completed except for additional discovery that may be needed as out in the Scheduling Order (docket no. 47) at paragraph 8 once Chief Judge Krieger rules on the claim construction, and such ruling is likely to take place before any ruling is entered on Defendant Norman International, Inc., petitions for *inter partes* reviews.

Further, this court finds that a stay of discovery would unduly prejudice Plaintiff and would create a clear tactical advantage for Defendants [i.e., moving party].  If a stay is granted, it appears that it will take up to two years before the IPRs are ruled upon. This assumes that Defendant Norman International, Inc.'s petitions for *inter partes* reviews are granted for review by the USPTO.  This court finds that Plaintiff would be unduly prejudice since during this approximately two-year period of time Defendants could continue in making sales on the alleged infringing products that could cause continuing harm to Plaintiffs, noting that Defendants are direct competitors.

Lastly, this court finds that a stay of discovery is not likely to reduce the burden of litigation on the parties or the court.  As stated by the Northern District of California in the case of Yodlee, Inc. v. Ablaise Ltd., 2009 WL 112857, at *5 (N.D. Cal. Jan. 16, 2009), and Esco Corp. v. Berkeley Forge & Tool, Inc., 2009 WL 3078463, at *3 (N.D. Cal. Sept. 28, 2009), "[t]o truly simplify the issues . . . the outcome of the reexamination must finally resolve all issues in the litigation."  Here, **only** Defendant Norman International, Inc., has filed petitions for *inter partes* reviews.  Thus, "when reexamination potentially will eliminate only one issue out of many, a stay is not warranted."  See IMAX Corp. v. In-Three, Inc., 385 F. Supp.2d 1030, 1032 (C.D. Cal. 2005).  Furthermore, this court finds that Defendants' estoppel argument in support of a stay of discovery as to all Defendants lacks merit.

Accordingly, this court concludes that Defendants have failed to meet their

3

burden of proof on the four factors as outlined in <u>Broadcast Innovation, L.L.C.</u>, *supra.*
For these reasons, the subject motion (docket no. 74) should be denied.

Date: January 14, 2014