IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01412-MSK-MJW

HUNTER DOUGLAS, INC., and
ANDREW J. TOTI TESTAMENTARY TRUST,

Plaintiff(s),

v.

NIEN MADE ENTERPRISE CO. LTD.,
NORMAN INTERNATIONAL, INC.,
NORMAN INTERNATIONAL COLORADO, LLC,
RICHFIELD WINDOW COVERINGS, INC. d/b/a NIEN MADE U.S.A.,
GLOBAL CUSTOM COMMERCE, INC. d/b/a BLINDS.COM,
NIEN ADVANCED SOLUTIONS d/b/a NORMAN WINDO FASHIONS,
INTERNATIONAL WINDOW TREATMENTS, INC. d/b/a CUSTOM CRAFT CO.,
NORMAN INTERNATIONAL ARIZONA, LLC,
NORMAN INTERNATIONAL DALLAS, LLC,
NORMAN INTERNATIONAL FLORIDA, LLC,
NORMAN INTERNATIONAL ILLINOIS, LLC,
NORMAN INTERNATIONAL LAS VEGAS, LLC,
NORMAN INTERNATIONAL SAN JOSE, LLC, and
NORMAN INTERNATIONAL VIRGINA, LLC,

Defendant(s).

---

**RECOMMENDATION ON
DEFENDANT NIEN MADE ENTERPRISE CO., LTD'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT FOR LACK OF PERSONAL
JURISDICTION (Docket No. 107)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case issued by

Chief Judge Marcia S. Krieger on June 27, 2013 (Docket No. 6).

This is an action for patent infringement in which plaintiffs allege that the

defendants "make, use, have made, offer for sale, sell, and/or import into the United

2

States window coverings and ready-made blinds, including a cordless lift cellular shade product with a spring drive/motor," that infringe on one or more claims of the plaintiffs' four patents.  (Sec. Am. Compl., Docket No. 93 at 6-8).

Now before the court for a report and recommendation is Defendant Nien Made Enterprise Co., Ltd's Motion to Dismiss Plaintiff's Second Amended Complaint for Lack of Personal Jurisdiction (Docket No. 107).  Plaintiffs filed a Response (Docket No. 132), defendant filed a Reply (Docket No. 135), and with leave of court (Docket No. 139), plaintiffs filed a Sur-Reply (Docket No. 140).  The court has carefully reviewed all of these motion papers as well as applicable Federal Rules of Civil Procedure and case law.  In addition, the court has taken judicial notice of the court file.  The court now being fully informed, recommends the motion be granted substantially for the reasons stated in the motion and reply.

Nien Made Enterprise Co. Ltd. ("Nien Made") moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.  In reviewing a motion to dismiss pursuant to Rule 12(b)(2), the plaintiffs bear the burden of establishing that personal jurisdiction exists.  Soma Medical Intern. v. Standard Chartered Bank, 196 F.3d 1292, 1295 (10th Cir. 1999); OMI Holdings, Inc. v. Royal Ins. Co. of Canada, 149 F.3d 1086, 1091 (10th Cir. 1998).  A court can determine whether personal jurisdiction exists based on evidence presented at a hearing or, as in this case, a *prima facie* showing of jurisdiction made by affidavits or otherwise that set out **facts** that, if true, would support jurisdiction over the defendant.  OMI Holdings, 149 F.3d at 1091.  If the latter method is used, the allegations in the Second Amended Complaint must be taken as true unless

contradicted by the defendant's affidavits, Behagen v. Amateur Basketball Ass'n. of U.S.A., 744 F.2d 731, 733 (10th Cir.1984), and to the extent that the affidavits contradict allegations in the Second Amended Complaint or opposing affidavits, all disputes must be resolved in the plaintiffs' favor, and the plaintiffs' *prima facie* showing is sufficient.  Id.  "The burden on the plaintiff[s] is light."  Wise v. Lindamood, 89 F. Supp.2d 1187, 1189 (D. Colo. 1999).  "However, only the well pled facts of plaintiff[s'] complaint, as distinguished from mere conclusory allegations, must be accepted as true."  Id.

Colorado's long-arm statute provides that a non-resident party subjects itself to the jurisdiction of Colorado courts for claims arising from the party's transaction of any business within the state or the commission of a tortious act within the state.  § 13-1-124(1)(a) and (b), C.R.S.  The statute codifies the "minimum contacts" test of International Shoe Co. v. Washington, 326 U.S. 310 (1945), and extends the jurisdiction of the Colorado courts to the maximum extent consistent with the Due Process Clause of the Fourteenth Amendment.  Brownlow v. Aman, 740 F.2d 1476, 1481 (10th Cir. 1984).[1]  Thus, the court's analysis is limited to the question of whether the exercise of personal jurisdiction comports with due process.  OpenLCR.com, Inc. v. Rates Tech., Inc., 112 F. Supp.2d 1223, 1227 (D. Colo. 2000); Wise v. Lindamood, 89 F. Supp.2d at 1189.

---

[1]"The Federal Circuit has determined that the Due Process Clause at issue for personal jurisdiction in a patent case is that of the Fifth Amendment, and not the Fourteenth.  Red Wing Shoe [Co. v. Hockerson-Halberstadt, Inc., 148 F.3d 1355, 1358 n. * (Fed. Cir. 1998)] . . . .  However, as *Red Wing Shoe* acknowledged, the distinction is largely academic because the Federal Circuit, though professing reliance on the Fifth Amendment, applies the Fourteenth Amendment state-contacts test of International Shoe . . . ."  OpenLCR.com, Inc. v. Rates Tech., Inc., 112 F. Supp.2d 1223, 1227 (D. Colo. 2000) (internal quotations omitted).

4

For purposes of personal jurisdiction, due process is satisfied when the defendant has sufficient "minimum contacts" with the forum state to suffice such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." International Shoe, 326 U.S. at 316. The "minimum contacts" test examines whether the defendant has purposefully directed its activities at residents of the forum state, whether the claims asserted arise out of that purposeful direction of activity, and whether the assertion of jurisdiction under the circumstances is reasonable and fair. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985); Trierweiler v. Croxton & Trench Holding Corp., 90 F.3d 1523, 1532-33 (10th Cir. 1996). The quantity and nature of the required minimum contacts varies, depending on whether the plaintiffs assert general jurisdiction over the defendant – that is, because the defendant conducted "continuous and systematic activities" of a general business nature in Colorado – or whether the plaintiffs assert specific jurisdiction, because the specific injuries claimed by the plaintiffs "arise out of" significant activities of the defendant "purposefully directed" at residents of Colorado. Goettman v. North Fork Valley Restaurant, 176 P.3d 60, 67 (Colo. 2007). "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. —, 131 S.Ct. 2846, 2851 (2011). "Although the placement of a product into the stream of commerce 'may bolster an affiliation germane to *specific* jurisdiction,' . . . such contacts 'do not warrant a determination that, based on those ties, the forum has *general* jurisdiction over a defendant.'" Daimler AG v.

Bauman, 134 S.Ct. 746, 757 (2014) (quoting Goodyear, 131 S.Ct. at 2857). "Specific jurisdiction, on the other hand, depends on an affiliatio[n] between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." Goodyear, 131 S.Ct. at 2851 (internal quotations omitted).

Here, as noted by Nien Made, the Second Amended Complaint (Docket No. 93) contains only the following three cursory and boilerplate jurisdictional allegations directed to all fourteen defendants collectively:

> 19.   Upon information and belief, Defendants have solicited business in the State of Colorado, transacted business within the State of Colorado, and attempted to derive financial benefits from residents of the State of Colorado, including benefits directly related to the instant patent infringement cause of action set forth herein.

> 20.   Upon information and belief, Defendants have placed infringing products into the stream of commerce throughout the United States with the expectation that such products will be and have been used by consumers in this judicial district, including but not limited to through operation of an interactive website that is available to persons in this judicial district which advertises, markets, and/or offers for sale infringing products.

> 21.   This Court has personal jurisdiction over Defendants by virtue of, among other things, Defendants' sales of the infringing products in this District.

(Docket No. 93 at 5).

This court finds that it lacks general or specific personal jurisdiction over Nien Made.  While the court accepts plaintiffs' well-pled allegations as true for the purpose of establishing personal jurisdiction over defendant, it accords no deference to plaintiffs' conclusory, speculative, and wholly unsupported allegations.  See Dudnikov v. Chalk & Vermilion Fine Arts, Inc., 514 F.3d 1063, 1070 (10th Cir. 2008); Wenz v. Memery Crystal, 55 F.3d 1503, 1505 (10th Cir. 1995).  Here, plaintiffs' allegations in the Second

6

Amended Complaint that Nien Made, as one of the collective defendants, "solicited business," "transacted business," or "attempted to derive financial benefits" from Colorado residents are conclusory; they fail to allege any facts or examples of Nien Made's alleged business contacts with Colorado.  Moreover, these conclusory allegations are contradicted by the Declaration of Ranjan Mada, President of Norman International, Inc. (Docket No. 107-1), submitted by Nien Made with its motion.  Mr. Mada's Declaration includes the following statements.  Nien Made is organized and existing under Taiwanese law, with its headquarters and principal place of business in Taiwan.  Mr. Mada's employer, Norman International, Inc., is a wholly-owned subsidiary of Nien Made.  Nien Made is not registered to conduct business in Colorado, does not have a registered agent for service of process in Colorado, and does not have any offices, any facilities, any employees, any documents, or any property located in Colorado.  It does not solicit or conduct any business transactions in Colorado.  It does not ship any products to customers in Colorado.  In fact, it does not distribute any products to customers in the United States.  Furthermore, a Chinese Nien Made subsidiary, not Nien Made, owns and operates the manufacturing facility in Dongguan, China, that manufactures the accused products, and they are shipped Free on Board ("FOB") from Asia.

The court also finds merit to Nien Made's assertion that the existence of its U.S. subsidiaries does not create jurisdiction.  According to Nien Made, all twelve of its U.S. subsidiaries are named as defendants in this action.[2]  Mr. Mada states in his

---

[2]Nien Made asserts that it is altogether unaffiliated with defendant Global Custom Commerce, Inc. d/b/a Blinds.com.

7

Declaration that Nien Made and its subsidiaries observe all corporate formalities.  For

example, Nien Made has separate corporate headquarters from its United States

subsidiaries, and Nien Made and its subsidiaries charge each other for services

performed.  (Docket No. 107-1 at ¶ 10).  Where, as here, the parent and its subsidiaries

maintain separate identities and charge each other for services performed, the

companies are to be treated as separate entities for purposes of determining personal

jurisdiction.  Perlman v. Great States Life Ins. Co., 436 P.2d 124, 125 (Colo. 1968).  See

Holland Am. Line Inc. v. Wartsila N. Am., Inc., 485 F.3d 450, 459 (9th Cir. 2007) ("To the

extent that [plaintiff] seeks to impute the activities of [a subsidiary] to [defendant], this

argument has little traction.  It is well established that, as a general rule, where a parent

and a subsidiary are separate and distinct corporate entities, the presence of one . . . in

a forum state may not be attributed to the other . . . .").  Plaintiffs have not established

any basis for imputing the state contacts of any of the subsidiaries to Nien Made.

Furthermore, while plaintiffs claim that "Nien Made has formed a wholly-owned

subsidiary in Colorado for the express purpose of selling Nien Made Products here"

(Docket No. 132 at 6), Mr. Mada states in his Second Declaration in support of Nien

Made's motion to dismiss that Norman International Colorado, LLC, was formed by

Norman International, Inc. (not Nien Made) in 2007.  (Docket No. 135-1 at 3, ¶ 4).

Norman International Colorado, LLC, was subsequently transferred and currently is a

wholly-owned subsidiary of Nien Advanced Solutions d/b/a Norman Window Fashions.

(Docket No. 135-1 at 3, § 4).

In addition, while plaintiffs allege in the Second Complaint that an unidentified

"interactive website" provides a basis for jurisdiction, Mr. Mada states that "Nien Made

operates a website at http://www.nienmade.com," that "provides high-level information

regarding Nien Made, but it does not offer to sell or sell any products or services.  The

website does not provide any commercial services, pricing information, or purchase

information, and it is not directed specifically to Colorado consumers.  The website is

maintained, hosted, and operated outside of the United States."  (Docket No. 107 at 3-4,

¶ 12).  The site simply provides contact information for Nien Made and several

subsidiaries and allows users to submit a form electronically to request that Nien Made

or one of its subsidiaries contact them.  Plaintiffs have not contradicted Nien Made's

evidence concerning this minimal interactive activity on its website.  See Shrader v.

Biddinger, 633 F.3d 1235, 1242 n.5 (10th Cir. 2011) (distinguishing business, passive,

and interactive websites); Miller v. Kelly, 2010 WL 4684029, at *4 (D. Colo. Nov. 12,

2010) (same), recommendation adopted and aff'd by 2010 WL 5103032 (D. Colo. Dec.

8, 2010).  "[A] defendant's authorship of a passive website does not, by itself, subject

him to a forum's general personal jurisdiction. . . .  Whether the exercise of general

personal jurisdiction over the author of an interactive website is appropriate depends

upon the level of interactivity and commercial nature of the exchange of information that

occurs on the Web site.  As a website increases in interactivity and commercial nature it

becomes more reasonable for a court to find that the site's author should have foreseen

being haled into the [court's] jurisdiction."  Miller, 2010 WL 4684029, at *4 (internal

quotations and citations omitted).  This court finds that Nien Made's website does not by

itself show any persistent course of conduct by Nien Made in the forum.  See Trintec

Indus., Inc. v. Pedre Promotional Prods., Inc., 395 F.3d 1275, 1281 (Fed. Cir. 2005);

Xactware, Inc. v. Symbility Solution Inc., 402 F. Supp.2d 1359, 1365 (D. Utah 2005)

9

(applying Federal Circuit law and holding that the ability of state residents to access

defendant's website does not show any persistent court of conduct in the forum state)).

More specifically with regard to specific jurisdiction, despite plaintiffs' bald

assertion in their Response that "Nien Made unquestionably and intentionally controls

the manufacture and shipment of the accused products into the United States" (Docket

No. 132 at 2), the undisputed evidence submitted by Nien Made shows that Nien Made

has not made, used, imported, sold, or offered to sell any accused products in Colorado.

As stated by Mr. Mada and noted above, the accused products are manufactured not by

Nien Made, but by a Chinese subsidiary and are shipped free on board ("FOB") from

Asia.  Furthermore, plaintiffs' evidence provided with its Response (Docket No. 132)

documents the activities of the other defendants, not Nien Made.  Therefore, plaintiffs'

evidence and arguments are not germane to a jurisdictional analysis regarding Nien

Made.  For example, declarations and evidence submitted by plaintiffs concerning two

investigators' purchases of the accused products in Colorado from non-party The Home

Depot - both in Colorado stores and via The Home Depot website - show that the

products were shipped by defendant Richfield Window Coverings, LLC d/b/a Nien Made

U.S.A., not the moving defendant here.  Those products were shipped from a Chinese

facility in Dongguan owned and operated by a separate company, Nien Made

(Dongguan) Window Fashions Co., Ltd.  The assembly and maintenance instructions for

certain of the accused products were made available on a website hosted by non-party

The Home Depot.  None of these facts detailed by plaintiffs are attributable to Nien

Made, so none of these facts can support a finding of personal jurisdiction over Nien

Made.  See Bell Helicopter Textron, Inc. v. Heliqwest Int'l, Ltd., 385 F.3d 1291, 1296

10

(10th Cir. 2004) ("[S]pecific jurisdiction must be based on actions by the defendant and not on events that are the result of unilateral actions taken by someone else.").

Furthermore, Mr. Mada states in his Declaration that Nien Made does not have any contractual relationships with U.S. retailers The Home Depot and Wal-Mart.  (Docket No. 107-1 at 4, ¶ 13).  Instead, Richfield Window Coverings, LLC d/b/a Nien Made U.S.A., which is a Nien Made U.S. subsidiary, has a contractual relationship with those retailers.  In addition, according to Mr. Mada, the consumer help line in the United States (1-800-666-1779) is also operated by subsidiary Richfield Window Coverings, LLC d/b/a Nien Made U.S.A.; Nien Made is not involved in the operation of that telephone number, and Nien Made does not provide any customer support to customers in Colorado.  Plaintiffs have not presented any affidavits or other evidence that conflicts with Mr. Mada's Declarations.

In their Response, plaintiffs assert that personal jurisdiction may also be exercised over Nien Made pursuant to Fed. R. Civ. P. 4(k)(2).  That section, which concerns the territorial limits of effective service, provides:

> ***Federal Claim Outside State-Court Jurisdiction***.  For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:
>
> (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and
>
> (B) exercising jurisdiction is consistent with the United States Constitution and laws.

Fed. R. Civ. P. 4(k)(2).  This section applies in rare situations.  EcoDisc Tech. AG v. DVD Format/Logo Licensing Corp., 711 F. Supp.2d 1074, 1086 n.6 (C.D. Cal. 2010).

Here, plaintiffs note that the constitutional inquiry into the quantity and quality of

11

the defendant's contacts with the forum are the same as under the state's long-arm statute, but the forum in this analysis is the United States as a whole rather than just Colorado.  Plaintiffs fare no better under this expanded forum, however, because they have made no showing that Nien Made, as opposed to its subsidiaries, purposefully directed its activities at residents of the U.S., that plaintiffs' claims arise out of or relate to Nien Made's activities with the United States, and that the assertion of personal jurisdiction over Nien Made would be fair and reasonable.  Exercising jurisdiction over Nien Made is not consistent with the principles of due process.  <u>See</u> <u>Barantsevich v. VTB Bank</u>, 954 F. Supp.2d 972, 995-96 (C.D. Cal. 2013) (Plaintiff did not proffer any argument or evidence concerning defendant's contacts with the United States beyond his suggestion that a subsidiary's contacts may be imputed to it.  Plaintiff did not meet his burden of showing defendant had sufficient contacts with the U.S. that the exercise of jurisdiction over it under Rule 4(k)(2) would comport with due process.) Simply put, there is nothing other than plaintiffs' conclusory assertions that show that Nien Made has had or has the requisite minimum contacts with Colorado or anywhere else in the United States.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that Defendant Nien Made Enterprise Co., Ltd's Motion to Dismiss Plaintiff's Second Amended Complaint for Lack of Personal Jurisdiction (Docket No. 107)  be **granted**.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve**

12

and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).


Dated: June 26, 2014                    s/ Michael J. Watanabe
      Denver, Colorado             Michael J. Watanabe
                                    United States Magistrate Judge