IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01412-MSK-MJW

HUNTER DOUGLAS, INC., and
ANDREW J. TOTI TESTAMENTARY TRUST,

Plaintiff(s),

v.

NIEN MADE ENTERPRISE CO. LTD.,
NORMAN INTERNATIONAL, INC.,
NORMAN INTERNATIONAL COLORADO, LLC,
RICHFIELD WINDOW COVERINGS, INC. d/b/a NIEN MADE U.S.A., and
GLOBAL CUSTOM COMMERCE, INC. d/b/a BLINDS.COM,

Defendant(s).

---

MINUTE ORDER

---

Entered by Magistrate Judge Michael J. Watanabe

     It is hereby **ORDERED** that Plaintiffs' Motion for Leave to Conduct Jurisdictional Discovery (docket no. 158) is **DENIED** for the following reasons.

     This court entered a Rule 16 Scheduling Order on October 8, 2013.  See docket no. 47.  Both sides had ten months to conduct discovery including the ability to serve interrogatories, requests for production of documents, and request for admissions.  In addition, both sides were permitted to take depositions per the Scheduling Order.  See paragraph 9 in the Scheduling Order (docket no. 47) for the limitations on written discovery and depositions.  During the ten-month discovery period before the court stayed the case, Plaintiffs served a total of 97 interrogatories and 289 requests for production of documents on Defendants and Nien Made.  Plaintiffs were permitted, per the Scheduling Order (docket no. 47), during this ten-month period of discovery to notice any depositions within the limitations set by the court in paragraph 9 in the Scheduling Order (docket no. 47), but Plaintiffs did not notice any depositions.  In particular, Plaintiffs did not notice the deposition of Ranjan Mada, President of one of Nien Made's domestic subsidiaries, Norman International, Inc., which deposition they now seek in the subject motion (docket no. 158).  Furthermore, Plaintiffs did not serve any subpoenas during this ten-month discovery period.  Plaintiffs had an opportunity to conduct extensive discovery on Nien Made and on the other Defendants during this ten-month discovery period and before the court ruled on Nien Made's Motion to Dismiss (docket no. 107).  In essence, Plaintiffs made a decision not to seek additional jurisdictional discovery during the ten-month discovery period and further made a

2

decision not to notice and take the deposition of Ranjan Mada even though they could have conducted this type of jurisdictional discovery.  See Platten v. HG Bermuda Exempted Ltd., 437 F.3d 118, 139-40 (1st Cir. 20060;  Naartex Consulting Corp. v. Watt, 722 F.2d 779, 788 & n.15 (D.C. Cir. 1983).

On June 26, 2014, this court issued a written Recommendation on Defendant Nien Made Enterprise Co., Ltd's Motion to Dismiss Plaintiff's Second Amended Complaint for Lack of Personal Jurisdiction (docket no. 107) [docket no. 151]. Thereafter, Plaintiffs filed Objections (docket no. 155) to my Recommendation (docket no. 151).  On July 21, 2014, Chief Judge Krieger conducted a hearing on the Recommendation (docket no. 151) and Objections (docket nol 155) and adopted the Recommendation (docket no. 151) and made such Recommendation (docket no. 151) an Order of Court.  See docket nos. 156 and 157.  Chief Judge Krieger also reversed my Order (docket no. 86), based on new facts, regarding Defendants' Motion to Stay Pending the USPTO's Review of *Inter Partes Review Petitions* (docket no. 74), and she entered a Stay Order until there is a determination by the Patent Office on the most recent petition.  See docket no. 157.

Here, this court finds that Plaintiffs have failed to meet their burden to demonstrate entitlement to jurisdictional discovery.  My Recommendation (docket no. 151), which Chief Judge Krieger adopted, found that Plaintiffs failed to make a prima facie case for jurisdiction.  Simply put, Plaintiffs' arguments are the same as presented earlier in this case which I rejected when I recommended Nien Made's Motion to Dismiss be granted. See Recommendation (docket no. 151).  Accordingly, in this court's discretion the subject motion (docket no. 158) should be denied.  See Frontera Resources Azerbaijan Corp. v. State Oil Co. of Azerbaijan Republic, 582 F.3d 393, 401 (2nd Cir. 2009).

Date: October 31, 2014